**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

CIVIL CASE NO._____

BRANCH BANKING AND TRUST COMPANY,
a North Carolina banking corporation, successor-in-
interest to Colonial Bank by Asset Acquisition from
the FDIC as Receiver for Colonial Bank, N.A.,

    Plaintiff,

v.

SANDS POINT, L.L.C., a Florida limited
liability company, KOBLEGARD GROVES, L.L.C.,
a Florida limited liability company, RICHARD
SIEMENS and STEVEN WOLF, jointly and severally,

    Defendants.
_____/

## **COMPLAINT**

    Plaintiff, BRANCH BANKING AND TRUST COMPANY, a North Carolina banking corporation, successor-in-interest to Colonial Bank by Asset Acquisition from the FDIC, as Receiver for Colonial Bank, N.A. ("PLAINTIFF" or "BB&T"), by and through its undersigned counsel, hereby files this Complaint against Defendants, SANDS POINT, L.L.C., a Florida limited liability company and KOBLEGARD GROVES, L.L.C., a Florida limited liability company and RICHARD SIEMENS and STEVEN WOLF, jointly and severally (collectively the "DEFENDANTS"), and in support thereof states as follows:

    1.    This is an action for damages under a promissory note (as modified and amended below) and guaranties (as defined below) between Colonial Bank, N.A., the predecessor of BB&T and the DEFENDANTS. Compensatory damages are in excess of $75,000.00, exclusive of interest, court costs and attorneys' fees.

## PARTIES

2. Plaintiff, BRANCH BANKING AND TRUST COMPANY, is a North Carolina banking corporation and became successor-in-interest to Colonial Bank by asset acquisition from the FDIC, as receiver for Colonial Bank, N.A. BB&T, is a North Carolina banking corporation organized and incorporated under the laws of the State of North Carolina, with its principal place of business in Winston-Salem, North Carolina and is a citizen of the State of North Carolina, for the purposes of diversity jurisdiction. BB&T is authorized to bring this action in all respects as the present holder of the relevant obligations being sued upon, herein.

3. Defendant, SANDS POINT, L.L.C ("SANDS"), is a Florida limited liability company that has conducted business within Palm Beach County, Florida and is sui juris. SANDS may be served in Palm Beach County, Florida and is a resident of the State of Florida for purposes of establishing diversity jurisdiction.

4. Defendant, KOBLEGARD GROVES, L.L.C. ("KOBLEGARD "), is a Florida limited liability company that has conducted business within Palm Beach County, Florida and is sui juris. KOBLEGARD may be served in Palm Beach County, Florida and is a resident of the State of Florida for purposes of establishing diversity jurisdiction.

5. Defendant, RICHARD SIEMENS ("SIEMENS"), is a permanent resident of Palm Beach County, Florida and has conducted business within Palm Beach County, Florida. SIEMENS is being sued jointly and severally with Defendants, STEVEN WOLF, and is sui juris. SIEMENS may be served in Palm Beach County, Florida or any other place he may be found and is a citizen of the State of Florida for purposes of establishing diversity jurisdiction.

6. Defendant, STEVEN WOLF ("WOLF"), is a permanent resident of Palm Beach County, Florida and has conducted business within Palm Beach County, Florida. WOLF is being

sued jointly and severally with Defendant, SIEMENS, and is sui juris.  WOLF may be served in Palm Beach County, Florida or any other place he may be found and is a citizen of the State of Florida for purposes of establishing diversity jurisdiction.

## JURISDICTION AND VENUE

7.	Pursuant to 28 U.S.C. §1332 (a), this Court has diversity jurisdiction over this action as there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000.00, exclusive of interest, attorneys' fees and costs.

8.	Specifically, there is complete diversity between the parties because the PLAINTIFF is a North Carolina citizen, and the DEFENDANTS are citizens of Florida.

9.	This Court has personal jurisdiction over the parties, as all DEFENDANTS are residents of the State of Florida.

10.	Under 28 U.S.C. §1391(a), venue is proper in this Court since SIEMENS and WOLF permanently reside in the judicial district where this action is brought.  Under 28 U.S.C. §1391(c), venue is also proper in this Court, as SANDS, KOBLEGARD, SIEMENS and WOLF are subject to personal jurisdiction in Palm Beach County, Florida.

11.	All conditions precedent to the institution and maintenance of this action has been performed, waived or excused.

## GENERAL ALLEGATIONS

**I.  Promissory Notes**

12.	On or about December 20, 2004, SANDS and KOBLEGARD requested and BB&T's predecessor, Colonial Bank, N.A. ("Colonial") agreed to make a $3,075,000.00 loan to SANDS and KOBLEGARD, as evidenced by Promissory Note dated as of December 20, 2004, executed by SANDS and KOBLEGARD and made payable to the order of Colonial in the original principal

amount of $3,075,000.00 (the "Original Note").  A true and correct copy of the Original Note is attached hereto as **Exhibit "A"**.

13. On or about December 7, 2005, SANDS and KOBLEGARD requested and Colonial agreed to extend the maturity date of the Original Note, as evidenced by that certain Commercial Loan Extension Agreement dated as of December 7, 2005 (the "First Loan Extension Agreement"). A true and correct copy of the First Loan Extension Agreement is attached hereto as **Exhibit "B"**.

14. On or about March 20, 2006, SANDS and KOBLEGARD requested and Colonial agreed to modify and extend the maturity of the Original Note, as amended by the First Loan Extension Agreement, as evidenced by that certain Amendment to Promissory Note dated as of March 20, 2006 (the "First Amendment to Original Note").  A true and correct copy of the Amendment to Original Note is attached hereto as **Exhibit "C"**.

15. On or about June 18, 2006, SANDS and KOBLEGARD requested and Colonial agreed to modify and extend the maturity of the Original Note, as amended by the First Loan Extension Agreement and First Amendment to Original Note, as evidenced by that certain Second Amendment to Promissory Note dated as of June 18, 2006 (the "Second Amendment to Original Note").  A true and correct copy of the Second Amendment to Original Note is attached hereto as **Exhibit "D"**.

16. On or about July 26, 2007, SANDS and KOBLEGARD requested and Colonial agreed to extend the maturity date of the Original Note, as amended by the First Loan Extension Agreement, First Amendment to Original Note, and Second Amendment to Original Note, as evidenced by that certain Commercial Loan Extension Agreement dated as of July 26, 2007 (the "Second Loan Extension Agreement").  A true and correct copy of the Second Loan Extension Agreement is attached hereto as **Exhibit "E"**.

17. On or about October 19, 2007, SANDS and KOBLEGARD requested and Colonial agreed to extend the maturity date of the Original Note, as amended by the First Loan Extension Agreement, First Amendment to Original Note, Second Amendment to Original Note and Second Loan Extension Agreement, as evidenced by that certain Commercial Loan Extension Agreement dated as of October 19, 2007 (the "Third Loan Extension Agreement"). A true and correct copy of the Third Loan Extension Agreement is attached hereto as **Exhibit "F"**. The First Loan Extension Agreement, Second Loan Extension Agreement, and Third Loan Extension Agreement shall hereinafter be referred to as the "Original Loan Extension Agreements".

18. On or about December 18, 2007, SANDS and KOBLEGARD requested and Colonial agreed to modify, renew and extend the maturity of the Original Note, as amended by the, First Amendment to Original Note, Second Amendment to Original Note and Original Loan Extension Agreements, evidenced by that certain Modified Renewal Promissory Note dated as of December 18, 2007, made by SANDS and KOBLEGARD and made payable to the order of Colonial in the original principal amount of $3,075,000.00 ("Modified Renewal Note). A true and correct copy of the Modified Renewal Note is attached hereto as **Exhibit "G"**. The Modified Renewal Note renewed, modified, replaced in its entirety and superseded the Original Note, as amended by the First Amendment to Original Note, Second Amendment to Original Note and Original Loan Extension Agreements.

19. On or about January 29, 2009, SANDS and KOBLEGARD requested and Colonial agreed to extend the maturity date of the Modified Renewal Note, as evidenced by that certain Commercial Loan Extension Agreement dated as of January 29, 2009 (the "Fourth Loan Extension Agreement"). A true and correct copy of the Fourth Loan Extension Agreement is attached hereto as **Exhibit "H"**.

20. On or about March 18, 2009, SANDS and KOBLEGARD requested and Colonial agreed to modify and extend the maturity of the Modified Renewal Note, as amended by the Fourth Loan Extension Agreement, as evidenced by that certain Amendment to Modified Renewal Note dated as of March 18, 2009 (the "First Amendment to Modified Renewal Note"). A true and correct copy of the First Amendment to Modified Renewal Note is attached hereto as **Exhibit "I"**.

21. The notes (as modified and amended) described above are all held by Plaintiff, BB&T, as successor to Colonial Bank, by asset acquisition from the FDIC, as receiver for Colonial Bank, N.A., and are collectively referred to herein as the "SANDS/KOBLEGARD Notes.

## II.  Siemens/Wolf Guaranties

22. On December 20, 2004, WOLF and SIEMENS executed and delivered in favor of Colonial, a Guaranty dated as of December 20, 2004, (the "WOLF/SIEMENS Guaranty"). A true and correct copy of which WOLF/SIEMENS Guaranty is attached hereto as **Exhibit "J"**.

23. Under the WOLF/SIEMENS Guaranty, WOLF and SIEMENS unconditionally guaranteed to repay all indebtedness, liabilities and other obligations of SANDS and KOBLEGARD, under the Original Note, and all renewals, future advances, modifications and extensions thereof, whether existing or thereafter created, and all other debt to accrue, including, but not limited to the obligations characterized under the SANDS/KOBLEGARD Notes to Colonial, and its successors, including Plaintiff, BB&T.

24. On or about June 18, 2006, WOLF and SIEMENS, executed and delivered in favor of Colonial, a Reaffirmation of Guaranty dated as of June 18, 2006 (the "First Reaffirmation Guaranty"). A true and correct copy of the First Reaffirmation Guaranty is attached hereto as **Exhibit "K"**.

25. Under the First Reaffirmation Guaranty, WOLF and SIEMENS unconditionally guaranteed to repay all indebtedness, liabilities and other obligations of SANDS and KOBLEGARD, under the Original Note (as modified and amended), and all renewals, future advances, modifications and extensions thereof, whether existing or thereafter created, and all other debt to accrue, including, but not limited to the obligations characterized under the SANDS/KOBLEGARD Notes to Colonial, and its successors, including Plaintiff, BB&T.

26. On or about December 18, 2007, WOLF and SIEMENS, executed and delivered in favor of Colonial, a Reaffirmation of Guaranty dated as of December 18, 2007 (the "Second Reaffirmation Guaranty"). A true and correct copy of the Second Reaffirmation Guaranty is attached hereto as **Exhibit "L"**.

27. Under the Second Reaffirmation Guaranty, WOLF and SIEMENS unconditionally guaranteed to repay all indebtedness, liabilities and other obligations of SANDS and KOBLEGARD, under the Modified Renewal Note, and all renewals, future advances, modifications and extensions thereof, whether existing or thereafter created, and all other debt to accrue, including, but not limited to the obligations characterized under the SANDS/KOBLEGARD Notes to Colonial, and its successors, including Plaintiff, BB&T.

28. The WOLF/SIEMENS Guaranty, First Reaffirmation Guaranty and Second Reaffirmation Guaranty described above are all held by Plaintiff, BB&T, as successor to Colonial Bank by asset acquisition from the FDIC, as receiver for Colonial Bank, N.A., and are collectively referred to herein as the "WOLF/SIEMENS Guaranties".

### III.  Maturity of the Sands/Koblegard Notes

29. BB&T owns and holds all rights accruing under the SANDS/KOBLEGARD Notes and other instruments, referenced above.

30. SANDS and KOBLEGARD were required to pay BB&T all sums due as principal and interest under the Modified Renewal Note, as amended by the Fourth Loan Extension Agreement and the First Amendment to Modified Renewal Note, which matured on June 15, 2010, but SANDS and KOBLEGARD have failed to timely pay the outstanding principal balance, and all interest and other sums due under same.

31. As a result of SANDS' and KOBLEGARD's lack of payment of the Modified Renewal Note, as amended by the Fourth Loan Extension Agreement and the First Amendment to Modified Renewal Note, at maturity, BB&T demanded immediate payment of all unpaid sums thereto from SANDS and KOBLEGARD, as BorrowerS, and from SIEMENS and WOLF, as Guarantors, under their respective Guaranties, as reflected by the correspondence dated July 1, 2010, attached hereto as **Exhibit "M"**.

32. There is now due, owing and unpaid to BB&T, as of June 15, 2010, the following amounts:

| | |
|---|---|
| Principal Due: | $ 2,858,149.20 |
| Interest Due as of June 15, 2010 | $      15,719.86 |
| *TOTAL AMOUNT DUE (As of June 15, 2010): | $ 2,873,869.06 |

*This total does not include attorneys' fees, collection costs, late fees, other appraisal fees or other costs that may be incurred and under the loan documents, and additional interest which has accrued from the maturity date, without waiver of the Plaintiff's right to charge a default interest rate from the maturity date forward, as provided in the notes and other Loan Documents.

33. In addition to principal amount, there is due and owing additional sums for interest accruing at the default rate as set for in the SANDS/KOBLEGARD Notes, late fees, attorneys' fees

8

and costs and other sums due under the SANDS/KOBLEGARD Notes in which SANDS and KOBLEGARD are responsible.

34. BB&T has obligated itself to pay the undersigned attorneys a reasonable fee for their services rendered herein, and pursuant to the SANDS/KOBLEGARD Notes, BB&T is entitled to an award of such attorneys' fees and costs from SANDS, KOBLEGARD, SIEMENS and WOLF, who are obligated to pay same under the terms of the SANDS/KOBLEGARD Notes and WOLF/SIEMENS Guaranties.

## COUNT I - PROMISSORY NOTE
### (Breach of Contract – SANDS & KOBLEGARD)

35. Plaintiff hereby incorporates herein by reference all allegations contained in paragraphs 1 through 21 and 29 through 34 as if set forth fully herein.

36. Plaintiff, BB&T, owns and holds all rights accruing under the SANDS/KOBLEGARD Notes and other instruments referenced above.

37. SANDS and KOBLEGARD executed and delivered to Colonial that certain Modified Renewal Note, dated December 18, 2007, which renewed, modified, replaced in its entirety and superseded the Original Note, as amended by the First Amendment to Original Note, Second Amendment to Original Note and Original Loan Extension Agreements

38. On or about January 29, 2009, SANDS and KOBLEGARD requested and Colonial agreed to extend the maturity date of the Modified Renewal Note, as evidenced by that certain Fourth Loan Extension Agreement.

39. On or about March 18, 2009, SANDS and KOBLEGARD requested and Colonial agreed to modify and extend the maturity of the Modified Renewal Note, as amended by the Fourth Loan Extension Agreement, as evidenced by that certain First Amendment to Modified Renewal Note.

40. BB&T is entitled to assert all right, title and interest in and is the present owner and holder of all rights accruing under the Modified Renewal Note, as amended by the Fourth Loan Extension Agreement and the First Amendment to Modified Renewal Note, referenced above.

41. SANDS and KOBLEGARD were required to pay BB&T all sums due as principal and interest under the Modified Renewal Note, as amended by the Fourth Loan Extension Agreement and the First Amendment to Modified Renewal Note, which matured on June 15, 2010, but SANDS and KOBLEGARD have failed to timely pay the outstanding principal balance and all interest and other sums due under same.

42. As a result of SANDS' and KOBLEGARD's lack of payment of the Modified Renewal Note, as amended by the Fourth Loan Extension Agreement and the First Amendment to Modified Renewal Note, at maturity, BB&T demanded immediate payment of all unpaid sums thereto from KINGS, as Borrower, as reflected by the correspondence dated July 1, 2010, attached hereto as Exhibit "M".

43. There is now due, owing and unpaid to BB&T, as of June 15, 2010, the following amounts:

| | |
|---|---|
| Principal Due: | $ 2,858,149.20 |
| Interest Due as of June 15, 2010 | $     15,719.86 |
| *TOTAL AMOUNT DUE (As of June 15, 2010): | $ 2,873,869.06 |

*This total does not include attorneys' fees, collection costs, late fees, other appraisal fees or other costs that may be incurred and under the loan documents, and additional interest which has accrued from the maturity date, without waiver of the Plaintiff's right to charge a default interest rate from the maturity date forward, as provided in the notes and other Loan Documents.

44. In addition to principal amount, there is due and owing additional sums for interest accruing at the default rate as set for in the SANDS/KOBLEGARD Notes, late fees, attorneys' fees

and costs and other sums due under the SANDS/KOBLEGARD Notes in which SANDS and KOBLEGARD are responsible.

45.     BB&T has obligated itself to pay the undersigned attorneys a reasonable fee for their services rendered herein, and pursuant to the SANDS/KOBLEGARD Notes, BB&T is entitled to an award of such attorneys' fees and costs from SANDS and KOBLEGARD, who are obligated to pay same under the terms of the SANDS/KOBLEGARD Notes.

WHEREFORE, BB&T respectfully requests that this Court will take jurisdiction of this cause, the subject matter and the parties hereto, ascertain and determine the amounts due as principal, interest, fees and costs under the Modified Renewal Note, as amended by the Fourth Loan Extension Agreement and the First Amendment to Modified Renewal Note, and award BB&T a Judgment for said amounts against SANDS and KOBLEGARD, and award such additional relief, as is just, equitable and proper.

### COUNT II – GUARANTY
### (Breach of Contract against WOLF & SIEMENS)

46.     Plaintiff hereby re-alleges those allegations contained in paragraphs 1 through 34 and further alleges:

47.     On December 20, 2004, WOLF and SIEMENS executed and delivered in favor of Colonial, the WOLF/SIEMENS Guaranty.

48.     Under the WOLF/SIEMENS Guaranty, WOLF and SIEMENS unconditionally guaranteed to repay all indebtedness, liabilities and other obligations of SANDS and KOBLEGARD, under the Original Note, and all renewals, future advances, modifications and extensions thereof, whether existing or thereafter created, and all other debt to accrue, including, but not limited to the obligations characterized under the SANDS/KOBLEGARD Notes to Colonial, and its successors, including Plaintiff, BB&T.

49. On or about June 18, 2006, WOLF and SIEMENS, executed and delivered in favor of Colonial, the First Reaffirmation Guaranty.

50. Under the First Reaffirmation Guaranty, WOLF and SIEMENS unconditionally guaranteed to repay all indebtedness, liabilities and other obligations of SANDS and KOBLEGARD, under the Original Note (as modified and amended), and all renewals, future advances, modifications and extensions thereof, whether existing or thereafter created, and all other debt to accrue, including, but not limited to the obligations characterized under the SANDS/KOBLEGARD Notes to Colonial, and its successors, including Plaintiff, BB&T.

51. On or about December 18, 2007, WOLF and SIEMENS executed and delivered in favor of Colonial, the Second Reaffirmation Guaranty.

52. Under the Second Reaffirmation Guaranty, WOLF and SIEMENS unconditionally guaranteed to repay all indebtedness, liabilities and other obligations of SANDS and KOBLEGARD, under the Modified Renewal Note, and all renewals, future advances, modifications and extensions thereof, whether existing or thereafter created, and all other debt to accrue, including, but not limited to the obligations characterized under the SANDS/KOBLEGARD Notes to Colonial, and its successors, including Plaintiff, BB&T.

53. The WOLF/SIEMENS Guaranties described above are all held by Plaintiff, BB&T, as successor to Colonial Bank by asset acquisition from the FDIC, as receiver for Colonial Bank, N.A.

54. WOLF and SIEMENS are in default under the terms of the SANDS/KOBLEGARD Notes described above and under the WOLF/SIEMENS Guaranties for failing to make payment when due despite demand upon them for same. A true and correct copy of BB&T's demand upon these Defendants for these debts is attached hereto as part of Exhibit "M".

55.     WOLF and SIEMENS owe BB&T under the SANDS/KOBLEGARD Notes and under the WOLF/SIEMENS Guaranties as of June 15, 2010, the amount of $2,873,869.06. This figure does not include sums due for additional interest, attorneys' fees and costs incurred toward collection of this debt to date for which Defendants, WOLF and SIEMENS, pursuant to the terms of the WOLF/SIEMENS Guaranties are responsible.

56.     In addition, WOLFE and SIEMENS owe additional sums for interest accruing at the default rate as set for in the SANDS/KOBLEGARD Notes, late fees, attorneys' fees and costs and other sums due under the SANDS/KOBLEGARD Notes in which WOLF and SIEMENS are responsible under the WOLF/SIEMENS Guaranties.

WHEREFORE, BB&T respectfully requests that the Court enter judgment against Defendants, STEVEN WOLF and RICHARD SIEMENS, jointly and severally, for damages, interest, costs and attorneys' fees and such other and further relief as this Court deems just, equitable and proper.

Dated 4th day of August, 2010

Respectfully submitted,

/s/ Eric. C. Edison_____
ERIC C. EDISON
Florida Bar No. 010379
ece@angelolaw.com
JAMES W. CARPENTER
Florida Bar No. 654256
jwc@angelolaw.com
ANGELO & BANTA, P.A.
515 East Las Olas Boulevard—Suite 850
Fort Lauderdale, FL 33301
Telephone:    954-766-9930
Facsimile:     954-766-9937
Attorneys for Plaintiff, BB&T